# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARLON MINTER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 19-cv-1016-MMM |
| | ) |
| . TANGMAN, et al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, pursues a § 1983 action alleging various constitutional violations at the Pontiac Correctional Center ("Pontiac"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff alleges that on September 1, 2018, he was placed under "constant observation" in cell # 126, after engaging in self-harm. He complained to Defendants Tangman, and Collier that there was a lack of cold and hot water in his cell and a leak in the sink. Plaintiff was thereafter transferred to cell # 115 which allegedly had blood and feces on the floors and walls.

On September 2, 2018, Plaintiff told Defendant Duckworth and Lewis that he felt depressed and suicidal, asking to see a mental health professional professional. Plaintiff alleges that Defendant Duckworth refused, telling Plaintiff he would be fine. Plaintiff claims that Defendant Lewis slipped a piece of a razor blade under his cell door and that Plaintiff later used it to cut himself. He was thereafter transported to Saint James Hospital in Pontiac, Illinois.

Plaintiff asserts that when he returned from the hospital, Defendant Duckworth placed him back in cell # 115, which still contained bloody and feces and that he remained there from September 1 through September 10, 2018.

On September 10, 2018, Defendant Wilson moved Plaintiff to cell # 132, which was allegedly also covered in feces. Plaintiff complains that, in addition, he did not have a mattress as he was on crisis watch. Plaintiff was held in these conditions from September 10 through September 13, 2018.

On October 18, 2018, Plaintiff was seen by a mental health professional for complaints of depression and hearing voices. When he returned to his cell, Plaintiff asked once again, to see a mental health professional and Defendant McCann allegedly refused. Plaintiff later cut his arms with a razor blade and thereafter swallowed the razor blade. Defendant McCann restrained Plaintiff, apparently in preparation for taking him to the healthcare unit. Plaintiff alleges that when he was restrained, Defendant used a gloved finger to penetrate Plaintiff's anus, causing it to bleed. Plaintiff filed a Prison Rape Elimination Act report of the incident.

Plaintiff alleges inhumane conditions of confinement, deliberate indifference to his serious mental health needs, racial discrimination, retaliation, intentional infliction of emotional distress, and against Defendant McCann, assault and battery, excessive force, sexual misconduct, sexual assault and sexual abuse.

Plaintiff has filed his complaint and request to proceed *in forma pauperis* without disclosing that he has been assessed three strikes in this District under the Prison Litigation Reform Act (PLRA), 28 U.S.C. Section 1915(g). *See Minter v. An*gus, No. 13-1370 (C.D.Ill Aug. 19, 2013); *Minter v. Godinez*, No. 14-1202 (C.D.Ill. May 27, 2014); and *Minter v. Pfister*, No. 15-1019 (C.D.Ill. Jan. 15, 2015). Section 1915(g) of the PLRA, commonly referred to as the "three strikes" law, bars a prisoner from proceeding *in forma pauperis* if he has on three or more occasions while incarcerated, brought an action or appeal in federal court that was dismissed a frivolous, malicious or failed to state a claim upon which relief may be granted. This is so unless the prisoner/detainee is "under imminent danger of serious physical injury."

The imminent danger exception is construed narrowly as "an escape hatch for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." *Heimermann v Litxcher,* 337 F3d 781 (7th Cir. 2003) *citing Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002). The harm must be occurring "at the time the complaint is filed." *Ciarpagini v. Saini,* 352 F3d 328, 330 (7th Cir. 2003). Here, Plaintiff filed his complaint on January 16, 2019, complaining of events which had occurred in September and October of 2018. As the harm was not occurring at the time Plaintiff filed the complaint, the imminent danger exception does not apply. As a result, Plaintiff cannot proceed *in forma pauperis* and must pre-pay the $400 filing fee.

Plaintiff is, further, put on notice that in all future filings, he must disclose his 3-strike status or be liable for attempting to defraud the Court. *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999) (dismissing appeal where Plaintiff was proceeding *ifp* after failure to disclose his three strikes). The Court notes that Plaintiff had previously been chastised for a fraudulent filing in *Minter v. Philips*, No. 12-7210 (N.D.Ill. Sept. 10, 2012), at [ECF 71] (affidavit submitted in

opposition to Defendants' motion for summary judgment inexplicably contradicted Plaintiff's sworn deposition testimony). Plaintiff has been suitably warned.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's request to proceed *in forma pauperis* [3] is DENIED. Plaintiff will have 21 days in which to pay the $400 filing fee or this case will be dismissed.

2. Plaintiff's motion for status hearing [7] is DENIED.


5/14/2019
ENTERED

s/ Michael M. Mihm
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE